**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**NATHANIEL TYRONE WILLIAMS,**

    **Plaintiff,**

vs.                                                                                          **CASE NO. 4:08CV21-SPM/AK**

**JOHN WHITEHURST, et al,**

    **Defendants.**

_____/

## ORDER DIRECTING SERVICE

Plaintiff, an inmate who is proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging excessive force and failure to protect. (Doc. 1). The complaint is sufficient to alert Defendant to the nature and basis of Plaintiff's claims and service is now appropriate.

Also before the Court is Plaintiff's Motion to Appoint Counsel (doc. 11) and Plaintiff's Motion for Preliminary Injunction. (Doc. 12). Although Plaintiff's claims are serious, they are not complex nor will he be required to do legal research since the court is familiar with the law on claims of excessive force and failure to protect. Factual development will be necessary, but prisoners frequently engage in discovery, with some aid from the Court, and Plaintiff will be expected to do the same. Appointment of counsel in a 1983 suit is not a right, it is a privilege and is justified only by exceptional circumstances. See Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990). At this point in

the proceedings, there are not exceptional circumstances to warrant appointment at this time. Therefore, the motion (doc. 11) is **DENIED.**

Plaintiff has moved for injunctive relief asserting that he has been transferred back to Taylor Correctional Institution and to the same dorm where the assault took place. **The Defendants will be served a copy of this motion with the complaint and be directed herein to respond to the allegations made in the motion for preliminary injunction at the time they respond to the complaint**.

Accordingly, it is

**ORDERED:**

1. The docket shall reflect that there are nine (9) Defendants in this action: **John Whitehurst, Aubery P. Land, John W. Louk, Officer Perez, Sergeant Fittjje, Officer Wimberly, Major Floyd, who are all employees at Taylor Correctional Institution, 8515 Hampton Springs, Rd, Perry, Florida 32348-8787, and Elissa Stine and J. Moore, who are employed at Central Office, 2601 Blair Stone Rd, Tallahassee, Florida 32399-2500.**

2. The Clerk shall issue summonses, indicating that Defendants have sixty (60) days in which to file a response to the complaint, and refer the summonses to the United States Marshals, along with the service copies of Plaintiff's complaint, **and nine copies of Document 12, which the Clerk shall make**.

3. The Clerk shall also prepare and send the Marshal a copy of this order for the named Defendant.

4.  Pursuant to Rule 4(c), Federal Rules of Civil Procedure, **Charles Bryan,** is designated as specially appointed process server for Taylor Correctional Institution and **Debra Hix** is designated as specially appointed process server for Central Office.

5.  Within 30 days from the date of entry of this order on the docket, the United States Marshal or a Deputy United States Marshal shall serve a copy of the civil rights complaint, a summons, and this order upon each Defendant.  Service shall be accomplished **by mailing these documents by regular mail to the above named special process servers who shall serve the complaint.**  All costs of service shall be advanced by the United States.

6.  Within 10 days after receipt of the complaint and this order, **Charles Bryan and Debra Hix,** shall **serve the complaint upon the individuals named above, complete** and **sign** the return of service, and **return** it to the Clerk of Court as proof of service.  *Defendants shall also sign the return of service as an acknowledgment of receipt of service.*

7.  If any Defendant is no longer employed at the designated institution or facility, or is otherwise unable to be served, the server shall report this information to the Clerk of Court within 10 days after receipt of the complaint and this order.  *If service is returned unexecuted, or if a return is not filed within forty-five (45) days from the date of this order, the Clerk of Court shall immediately notify Chambers.*

8.  Defendants shall have 60 days in which to file a response to the complaint and **to respond to the motion for preliminary injunction.**

**No. 4:08cv21-SPM/AK**

9. No motion for summary judgment shall be filed by any party prior to entry of an Initial Scheduling Order without permission of the Court.

10. **Counsel for Defendants shall file a notice of appearance within thirty days (30) days of the date of service**.

11. Plaintiff is advised that after a response to the complaint has been filed, no further amendments to the complaint shall be permitted by the Court unless, as required by Rule 15 of the Federal Rules of Civil Procedure, Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint. N.D. Fla. Loc. R. 15.1.

12. In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward to Plaintiff a form for consenting to trial by the magistrate judge, with the case number written on it. If Plaintiff wishes to consent, the form should be signed and forwarded to counsel for Defendants. If Defendants wish to consent, the form should be signed and returned to the Clerk.

13. After a notice of appearance has been filed, Plaintiff shall be required to mail to the attorney for each Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the Court. Plaintiff shall include with each pleading, motion, or other paper to be filed with the Clerk of the Court a certificate stating the date an identical copy of the paper was mailed to each Defendant or to the attorney representing each Defendant. Any paper so submitted for filing that does not contain a "certificate of service" shall be returned by the Clerk and disregarded by the Court.

**No. 4:08cv21-SPM/AK**

14. Plaintiff is reminded to keep the Clerk of Court advised of any change in his mailing address should he be transferred, released from prison, or otherwise be relocated.  Failure to do so may result in the dismissal of Plaintiff's action for failure to prosecute should court orders not be able to reach Plaintiff.

**DONE AND ORDERED** on this, the 11th day of April, 2008.

<u>S/ A Kornblum</u>
**ALLAN KORBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**No. 4:08cv21-SPM/AK**